DECISION
Heard before the Supreme Court on December 9, 2006, Chief Justice Mary Jo Hunter presiding, Associate Justice Mark Butterfield, and Associate Justice Dennis Funmaker on the appeal. This is an appeal of an employment decision with a long history of delay. The case basically concerns whether an employer in the Ho-Chunk Nation may dismiss an employee if *52 that employee can no longer perform the core functions of his original job.
This case involves appeal from the HCN Trial Court which rendered on July 7, 2006 in CV 02-82. The case was accepted for appeal on August 22, 2006 when a Scheduling Order was issued in this matter. Briefing was finally completed and Oral Argument heard on December 9 2006 at the WaEhi Hocira in Black River Falls, Wisconsin. This case, while a seemingly routine employment appeal, is extraordinary in that it has been before this Court twice before due to the failure of the Trial Court, to act in a timely manner. See Ostrowski v. Ho-Chunk Nation et. Al. SU 05-01 (HCN S.Ct. Feb 21, 2005) Ostrowski I (Supreme Court issued Writ of Mandamus to Trial Court to issue decision, case mooted by Trial Court decision issued Feb. 8, 2005) and Ostrowski v. Ho-Chunk Nation et. Al., SU 05-03 (HCN S.Ct. June 27, 2005) Ostrowski 11 (Trial Court decision of February 8, 2005 reversed and remanded for failure to give even minimal rationale for its conclusions). By the time the case was sent back to the Trial Court for the second time, the original Judge was no longer working for the Ho-Chunk Nation and the case was assigned to a Judge pro tempore to review the decision and either rehear the case or render a decision based on the record complied to that date. This Court left it to the discretion of the Trial Court to determine which course of action they deemed more appropriate upon remand.
The Trial Court, Trial Judge pro tem-pore JoAnn Jones presiding, reviewed the case file and issued a decision upholding the prior decision of Judge Bossman dismissing the employee’s claim of wrongful termination. See Ostrowski v. Ho-Chunk Nation et. Al., CV 02-82 (HC Tr. Ct. July 6, 2006) Ostrowski II (on remand). After careful review of that decision, we find that Judge Jones failed to exercise her discretion and failed to allow the parties to be heard upon remand. After careful review we find error in the decision of the Trial Court in two respects: First the failure to allow the parties to have input into the matter on remand and second by failing to exercise the Court’s discretion and issuing a decision without substantial evidence to support it. We shall discuss the issues in reverse order.
STANDARD OF REVIEW
This is an appeal of an employment decision where the Trial Court applied the law to the facts of the given case. In reviewing the Trial Court’s finding of facts the Court applies the abuse of discretion standard. Hope Smith v. Ho-Chunk Nation, SU 03-08 (HCN S.Ct. Dec. 8, 2003). This standard is highly deferential to the Trial Court and the Supreme Court will uphold such findings absent a showing that the Trial Court somehow failed to make a necessary finding, ignored the great weight of the evidence or otherwise abused its discretion in making findings of fact. Id. at 4
FACTS
The basic facts of this case are set forth in the Trial Court’s opinion below. See Ostrowski v. Ho-Chunk Nation et. Al., Findings of Fact ¶¶ 1-19 Pages 2-5, CV 02-82 (HCN Tr. Ct. July 18, 2006). Casi-mir Ostrowski was a cage cashier for the Ho-Chunk Nation’s largest casino, Ho-Chunk Casino located on lands held in Trust for the Ho-Chunk Nation by the United States government. Mr. Ostrowski was hired in 1995 and worked until 1997 without notable incident. The cage cashier job description requires infrequent lifting of up to 100 lbs and primarily lifting of *53 10-25 lbs on a consistent basis.[1] In 1997 Mr. Ostrowski was injured while on the job when twisting his back attempting to deal with a drawer falling to the floor.
Mr. Ostrowski filed a workman’s compensation claim and the Casino accommodated his work restrictions by reducing his work schedule from 40 to 32 hours and giving him 10 minute breaks every hour instead of the normal 15 minutes every four hours. Mr. Ostrowski was also given an accommodation in that he worked the cage “chip and key” window an apparently less onerous duty than the other cage cashier windows, though how it was less onerous was not made part of the findings of fact.
Mr. Ostrowski was injured again in December 1999 and entered an agreement with the Casino which attempted to accommodate his physician’s recommended restrictions for work. Approximately a year and a half later on June 24, 2002 Mr. Ostrowski was required to submit to a physical assessment of his “fitness for duty” with a physician employed by the Casino. Dr. Newgent reported back that Mr. Ostrowski could “not perform all of his essential job functions without accommodations.” Specifically, Dr. Newgent found that Mr. Ostrowski could not lift 100 lbs and might not be able to lift 10-25 lbs bags on a consistent basis but concluded he could continue to work at the Chip and Key window which accommodated his physical limitations.
The Casino reviewed Dr. Newgent’s report and instead of keeping Mr. Ostrowski working at the Chip and Key window in the cage department, his superiors determined that continued accommodation of Mr. Ostrowski’s limitations was too great a hardship on his fellow employees. The Casino then terminated Mr. Ostrowski’s employment and he instituted this lawsuit for wrongful termination. After review of the Trial Court’s decision upholding the termination decision as supported by the law and facts we disagree and reverse the Court below.
DISCUSSION
Employment eases with the Ho-Chunk Nation are routine and frequently combine the application of facts to the law as expressed by the HCN Personnel Policy and Procedukes Manual, the then applicable employment law at the time of Mr. Ostrowski’s termination. It was stated numerous times that this is not a workman’s compensation case. This Court must determine in reviewing such a case whether the Trial Court abused its discretion in the manner in which it applied the law to the facts of the case or because it failed to make key findings of fact which make the review of this case possible. Because we find a failure to exercise discretion and a failure to find key facts, we now reverse and remand.
Mr. Ostrowski was an employee of the Ho-Chunk Casino for many years. He started work in 1995 in a department which requires the lifting of coin and token bags. He had no problem working there for two years in a job which apparently had no job description on the date of his hire. Later the job description added a requirement that he be able to lift 100 lbs on an infrequent basis though there was *54 no finding of fact that this was ever required and some evidence in the record that no one was required to lift 100 lbs with or without restrictions. The testimony at Trial[2] was that no one ever actually had to lift 100 lbs even if they were capable of it. Mostly the testimony was that most of 'the occasional lifting was of bags of 10 to 25 lbs. However, the Trial Court did not make many distinctions of how much lifting, bending or twisting was actually required for the job, nor the weight of the most frequent lifting, bending or twisting objects. It is apparent the Trial Court based its judgment on not what was actually done, but what a person in Mr. Os-trowski’s position was required to be capable of according to the later adopted job description. Nor did the Court clearly explain the relevance of the job description to a Cage cashier’s actual duties.
For Mr. Ostrowski the problem is that he was injured in 1997 and never appeared to be able to meet the Job Description work requirements again, even after his workman’s compensation period of healing was completed. While it was true he was capable of working the apparently least onerous chip and key window, how this affected all other workers who could not rotate into that position as the workload dictated was not clear in the findings. However, it was difficult to find out since it was always assigned to Mr. Ostrowski. What the Trial Court did find is that Mr. Ostrowski never pulled a full shift. His accommodations of a 32 hour work week were less than a normal work week. Additionally, his accommodations gave him 40 total minutes off in a 4 hour shift when the normal cage worker only got one 15 minute break.[3]
The Trial Court looked at these limitations and the Ho-Chunk Nations policy on medical examinations applicable to personnel which stated that the Nation’s policy was to employ persons who have the physical and mental health consistent with the requirements of the positions. The Trial Court concluded that the Casino showed ample evidence that Mr. Ostrowski had not recovered his health sufficiently to resume a cage cashier position without accommodations. The Court found that of 178 employees covering 20 windows only Mr. Os-trowski was limited to one window and that other workers had to cover his 10 minute breaks every hour. Decision at 10.
The Trial Court concluded that Mr. Os-trowski did not prove by a preponderance of the evidence that he could perform the physical requirements of his job. The problem with this conclusion is that Mr. Ostrowski was never permitted the opportunity to show he could work the Cage Cashier position without accommodations even if Dr. Newgent’s ambiguous letter indicated that he might be able to do so. The Trial Court concluded that Ostrow-ski’s need for regular breaks caused resentment and decreased morale in his department though the testimony was solely by supervisors and not by co-workers who stated they resented his special position and felt harmed by it.
The problem with that finding is that Mr. Ostrowski may not have needed *55 the breaks according to Dr. Newgent and he was dismissed without being given the opportunity to prove that he could work without them or without the shortened work week The original Trial Judge failed to make any findings in support of his conclusion and the remand unfortunately gave the pro tem Judge the impression that she was not free to disagree with the conclusions reached by the first Judge though it appears rather unambiguous that she did disagree with that conclusion. See Decision at p. 2 n. 1. “While the presiding judge may disagree with the opinion of the previous judge, this Court must follow the directives of the Supreme Court and provide a rational for the judgment [sic] ...” It is for this reason that this Court finds additional error in the decision being appealed.
This Court’s prior remand stated that the case was “remanded for a full explanation of the Court’s rationale” which was directed to the Judge who had originally rendered the decision. Since his rationale was so absent that the Supreme Court could not find a legal or factual basis for that Court’s ultimate finding, we remanded with instructions to the Trial Court explain its legal basis and factual rationale. What this Court did not anticipate was the abrupt departure of the Judge leaving this case to a new Trial Judge to supply the missing legal reasoning and factual analysis. The pro tem Judge who was assigned this case apparently misread this Court’s instructions to preclude her from reaching a new conclusion based on her independent exercise of discretion which included the option of reaching a contrary result if supported by the evidence after a review of the record and consultation with the parties. This was error.
Perhaps another factor in reaching this erroneous judgment was the failure to consult the parties upon remand which is consistent with due process. The Trial Court erred in not holding a hearing on remand after SU 05-03 Ostrowski II was issued. Due process requires that the parties have access to the decision maker even in the most cursory manner so that they have an opportunity to be heard before the tribunal actually rendering the decision. This did not happen in this case because the pro tem Judge failed to give notice to the parties she had been assigned to the case and wished to hear their input on how to proceed.
This Court holds that it is imperative that the Trial Court invite the parties for a remand hearing to advise it of any issues that might be extant. In this case that might have included discussion of whether the Trial Court was free to review the evidence and issue a decision contrary to the first Judge. This Court made no such limitation on the Trial Court on remand and given the dearth of supporting rationale in Ostrowski I this Court at the least left the door open for a newly appointed judge to exercise their sound judgment after reviewing the entire record.
The failure to provide a post remand hearing was an abuse of discretion and we reverse and remand this case on that basis. Due process requires notice and an opportunity to be heard which is not served by failing to permit either party to be heard before the Court actually deciding the case. In not holding a hearing the Trial Court in Ostroivski II (On remand ) did not give Mr. Ostrowski an opportunity to be heard.
Once heard, the Trial Court would have had all the possible options before it with the advice of the parties. It could have continued on the cold record, it could have heard re-argument on the relevant issues, it could have reframed this issues based on what was in the record, or it could have held a new trial focused on what it felt *56 were the most relevant facts in the case. Most importantly, it could have reached another conclusion and was not compelled to follow the cryptic judgment of the previous Trial Judge. This Court finds that the Trial Court abused its discretion by upholding a decision for which it had a dearth of supporting evidence and with which it disagreed.
CONCLUSION
For the above stated reasons, this Court concludes the Trial Court abused its discretion and we reverse and remand.

. A fact not found, but apparent from the record is that the job description upon which this case turns was not in existence at the time of Mr. Ostrowski’s hire date. It was apparently created in 1997 adding requirements that were not in existence at the time of Mr. Ostrowski’s employment. It was this description which is critical in this case as it adds several requirements that an incumbent in the position held by Mr. Ostrowski was supposed to exercise. This is a failure to find a fact which is significant in this matter.

. Counsel for Appellant frequently made reference to depositions not in the record before the Trial Court. Given these were not admitted into evidence this Court cannot consider said testimony in rendering its decision.

. There is some dispute about whether Dr. Newgent lifted the 10 minute per hour break requirement. This was never tested in fact because Mr. Ostrowski was never given the chance to work the window without the breaks. This was conflicted by testimony that Mr. Ostrowski complained of pain even with his accommodations. Dr. Newgent rendered no opinion as to whether Mr. Ostrowski could return to a full 40 hour shift.